IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYMA TOWLES, | :<br>: |
| Plaintiff, | :<br>: |
| | : CIVIL ACTION FILE |
| v. | :<br>: NO. 1:21-CV-04602-SCJ-JCF |
| NORTHSIDE HOSPITAL, INC., | :<br>: |
| Defendant. | : |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant Northside Hospital, Inc. (hereinafter "Northside" or "this Defendant"), and files this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint, and shows the Court as follows:

## I. INTRODUCTION

Plaintiff filed a *pro se* Complaint [Doc. 1] ("Complaint") alleging that Defendant discriminated and retaliated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Complaint should be dismissed for the following reasons: Plaintiff failed to properly serve Defendant with a copy of the Summons and Complaint in accordance with Fed. R. Civ. P. 4, therefore, this Court is without personal jurisdiction to adjudicate claims over Defendant. In addition, as pled, the Complaint fails in a number of ways to

state a viable claim upon which relief can be granted against Defendant under Title VII.

## II. <u>STATEMENT OF THE CASE</u>

Plaintiff filed a form Complaint on November 5, 2021 which alleges violations under Title VII. (Complaint ("Compl.") ¶ 1). Specifically, Plaintiff alleges that she was discriminated against because of her race or color, which she did not identify, and her opposition to a practice of her employer that she believes violated federal anti-discrimination laws or her participation in an EEOC investigation. (Compl. ¶ 13). The conduct Plaintiff complains of are that she was working under terms and conditions of employment that differed from similarly situated employees in addition to harassment and retaliation. (Compl. ¶ 12).

The essential facts which Plaintiff describes in support of her discrimination and retaliation claims are contained in paragraph 14 of the Complaint. Specifically, she alleges that she was a nurse and worked at Northside Hospital on the Women Surgery floor, which is a women's only floor. (Compl. ¶ 14). She alleges that she was rounding with a surgeon that she always respected and had a good working relationship with when, about one week after the death of George Floyd, the surgeon used the word "Niger" inside the room of an African American patient at a time when the patient happened to be watching the protest. (Id.). Plaintiff further asserts

that the surgeon proceeded to tell a similar story wherein he had told "his mom that those are Nigers mom." (Id.). Plaintiff alleges that tears streamed down the patient's face, that the word used by the male surgeon was hurtful and disheartening, and that she and the patient held hands. (Id.). Plaintiff goes on to assert that the male surgeon turned the workplace into a hostile work environment and that only racists use that word. (Id.). The Complaint further describes Plaintiff's emotional state due to "what the man said" and how she would react when she saw him. (Id.).

According to the Complaint, the incident described therein occurred in 2020. (Compl. ¶ 6). Per the Proof of Service filed with the Court on November 8, 2021, a copy of the Summons and Complaint were "mailed … out using United States post office with a signature needed to get summon's of notice… certified mail." (*See* Doc. 3). Plaintiff identified herself as the "server" in the Proof of Service, which is dated November 5, 2021. (Id.). A copy of the Summons and Complaint were received by Defendant's Human Resources Department in its mailbox on November 12, 2021. (Exhibit A, Affidavit of Natasha Morris ("Morris Aff.") ¶ 5). Of note, even though all nine (9) pages of the form Complaint were filed with the Court, the service copy of the Complaint that Defendant received does not include page 6 of 9, i.e., paragraphs 12 and 13, which contains the specifics of the conduct complained of and the basis of her discrimination claim against Defendant. (Exhibit 1 to Morris Aff.).

This mailed copy of the Summons and Complaint is Defendant's first and only notice of receipt of the Summons and Complaint as service has not been made upon Defendant by any other means. (Morris Aff. ¶¶ 6-7).

## III.     ARGUMENT AND CITATION OF AUTHORITY

**A. There has been an insufficiency of service of process precluding exercise of personal jurisdiction over Defendant, and as such, the Complaint should be dismissed with prejudice.**

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for insufficiency of service of process because Plaintiff failed to properly serve Defendant with a copy of the Summons and Complaint. *See Binns v. City of Marietta Housing Authority*, 2007 U.S. Dist. LEXIS 68886, at *5 (N.D. Ga. Sept. 18, 2007). Regardless of her *pro se* status, Plaintiff is equally subject to the relevant law and rules of this Court, including the Federal Rules of Civil Procedure; specifically, Fed. R. Civ. P. 4. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The relevant provision of Federal Rules of Civil Procedure pertaining to service on a corporation provides that:

> "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>   (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;…."

Fed. R. Civ. R. 4(h). It is Plaintiff's responsibility to have the summons and complaint properly served on Defendant. Fed. R. Civ. P. 4(c)(1). Rule 4 generally permits service of process by certified mail only if the defendant agrees to waiver personal service. Fed. R. Civ. P. 4(d). However, that is not the case here because Defendant was never presented with a waiver of service of process and has not consented to waive service. Rule 4 simply "does not authorize service through certified mail" or regular mail for that matter "unless service is permitted under the laws of the state where the district court is located…. or the state where service is made…" *See* Fed. R. Civ. P. 4(e)(1). Thus, Plaintiff is required to serve Defendant in accordance with Georgia law. *Id.*; *Ferguson v. State of Maryland*, 2012 U.S. Dist. LEXIS 191803, at *9-10 (N.D. Ga. Aug. 6, 2012); *Horton v. Maldonado*, 2014 U.S. Dist. LEXIS 163372, at *7-8 (N.D. Ga. Nov. 21, 2014).

Under Georgia law, the relevant statute that governs service of process is O.C.G.A. § 9-11-4 and under that statute, service of process must be made on a corporation by personally serving "the present or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof." *Hunt*

*v. Nationstar Mortg., LLC*, 782 Fed. Appx. 762, 764-765 (11th Cir. 2019) (citing O.C.G.A. § 9-11-4(e)(1)(A)). "Georgia law does not authorize a party to serve a corporation directly by certified or registered mail." *Id.*; *Abe Eng'g, Inc. v. Travelers Indem. Co.*, 210 Ga. App. 551 (Ga. Ct. App. 1993); *Myers v. Verizon Communs., Inc.*, 2015 U.S. Dist. LEXIS 182259, at *18 (N.D. Ga. July 27, 2015) (citing *Walker v. Firestone*, 2008 U.S. Dist. LEXIS 52884 (N.D. Ga. July 11, 2008) (both the federal rules and Georgia law do not permit service by United States mail).

"However, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail… addressed to the secretary of the corporation at its principal office." *Hunt*, 782 Fed. Appx. at 765 (citing O.C.G.A. § 14-2-504(b)). The Georgia Secretary of State is deemed an agent of the corporation for purposes of service of process if service on the listed agents cannot be had and "service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful.'" *Stone Exch. Inc. v. Surface Tech. Corp. of Ga.*, 269 Ga. App. 770, 771-772 (2004).

In this case, rather than delivering a copy of the Summons and Complaint to an officer or authorized agent per Fed. R. Civ. R. 4(h)(1)(B), Plaintiff attempted service by mailing out a copy of the Summons and Complaint via certified mail (*See*

Doc. 3), an incomplete copy of which was received in Defendant's Human Resources Department mailbox. (Morris Aff. ¶ 5). Defendant was not served with a copy of the Summons and Complaint by any other means even though it has a registered agent designated to accept service. (Morris Aff. ¶¶ 5-7). As no attempt was made to properly serve Defendant's registered or authorized agent or obtain waiver of service from Defendant, Plaintiff's attempted service is improper under federal and state law.

In addition, Plaintiff's attempt to complete service by herself is improper and ineffective. *Myers*, 2015 U.S. Dist. LEXIS, at *18 (citing O.C.G.A. § 9-11-4(c)(4)) and also citing *Yeary v. Bell*, 228 Ga. App. 522, 522-23 (1997) (service of process may only be made by individual who is wholly disinterested in the outcome of the litigation)); *see also Pelmore v. Pinstate Mortg. Corp.*, 2010 U.S. Dist. LEXIS 10930, at *7 (N.D. Ga. Feb. 8, 2010).

Moreover, the Supreme Court has explained that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 671 (1996). Since a federal court does not have jurisdiction to enter judgment against a defendant who is not properly before it, the defense of improper service of process may lead to dismissal of the action. *Paradazi v. Cullman Medical Center*, 896 F.2d 1313 (11th

Cir. 1990). Essentially, service of process is intricately linked with whether jurisdiction can be exercised over a defendant and the fact that Defendant knew that an action had been filed is insufficient for personal jurisdiction to attach. *American Photocopy Equip. Co. v. Lew Deadmore & Assocs.*, 127 Ga. App. 207, 209 (1972) (Where there has been no service of action, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the action).

For personal jurisdiction to exist over Defendant, it must have been notified of the action through proper and efficient service of process which was not done here. Accordingly, dismissal of this lawsuit for lack of personal jurisdiction is warranted.

**B. Plaintiff has failed to state a claim for relief under Title VII**

Even if this Court permits Plaintiff to cure the defect in the service of process thereby triggering the exercise of personal jurisdiction over Defendant, Plaintiff cannot state a claim upon which relief can be granted against Defendant under Title VII, and as such, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P 12(b)(6) permits dismissal of a claim for relief "for failure to state a claim upon which relief can be granted." In the case of a complaint, it must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When considering a motion to dismiss, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Mitchell v. Wise Constr.,* 2021 U.S. Dist. LEXIS 77902, * 7 (Nov. 13, 2021) (citing *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "However, the court is not required to accept as true a plaintiff's legal conclusions." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Therefore, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's factual allegations as contained in the Complaint "must be enough to raise a right to relief above the speculative level." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). In other words, the Complaint must plead "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. If Plaintiff's Title VII claim does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," it will be

dismissed. *Ashcroft,* 556 U.S. at 678 (2009). In essence, unless Plaintiff has "nudged her claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Mitchell*, 2021 U.S. Dist. * 8 (citing *Twombly*, 550 U.S. at 570).

Thus, to state a claim for race discrimination under Title VII, the Complaint must include factual allegations that "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional race discrimination. *Surtain v. Hamlin Terrace Found*, 789 F.3d 1239, 1246 (11th Cir. 2015). That is not the case here as the Complaint contains no factual allegations suggesting discrimination on the basis of race that would support a claim under Title VII.

Rather, the Complaint asserts a sole incident in which an unidentified male surgeon, whom Plaintiff had always respected and had a good working relationship with, used the word "Niger" inside the hospital room of a "black woman" while describing a story in which he had used that word while conversing with his mother. (Compl. ¶14). Even if taken as true that the use of the word "Niger" is racist as alleged, nowhere in the Complaint does Plaintiff assert that the use of that allegedly offensive word was directed at, or referring to, her. Nor does Plaintiff assert the race of the male surgeon who alleged used the discriminatory word.

According to the Complaint, the allegedly offensive word was made while the male surgeon was relaying a "story" involving himself and his mother in what

appeared to be casual conversation where Plaintiff and a patient happened to be present. This is not enough to support that Plaintiff was discriminated against because of her race. *Anderson v. Dolgencorp*, 2014 U.S. Dist. LEXIS 68141, at *15-18 n.5 (M.D. Ala. May 19, 2014) (finding allegations that unspecified Dollar General employees had uttered "racial slurs" to unnamed African American customers insufficient to sustain an inference that a Dollar General manager's comment on another occasion was racially motivated).

Aside from this single incident involving the alleged one-time use of a racist word by an unidentified male surgeon, no other incident involving race discrimination whether by use of offensive words or conduct are alleged to have occurred certainly, none directed towards Plaintiff or involving Defendant. "Without any factual enhancement, such as… the context of the statements, the frequency of the statements, or the identities of the individuals making the allegedly racist statements, [Plaintiff's] threadbare allegation is too vague and conclusory to support a discrimination claim." *Mitchell*, 2021 U.S. Dist. LEXIS, at * 12.

According to Plaintiff, the workplace turned into a "hostile, threatening work environment" apparently because of the alleged use of the word "Niger" as only a racist would use that word. (Compl. ¶ 14). This assertion falls squarely within the ambit of a legal conclusion or factual assertion guised one, without any additional

facts that connect the allegedly use of the racist word to any adverse employment action that Plaintiff allegedly suffered. *Jackson v. United Parcel Serv., Inc.*, 2013 U.S. Dist. LEXIS 143755, at *37 (N.D. Ala. Oct. 4, 2013) (stating that "[d]iscrimination in the air, so to speak, will not do" and that "[i]t is discrimination in an employment action adverse to plaintiff that must be shown") (quotation omitted). Even taken as true, Plaintiff failed to allege facts that would state a claim for a racially hostile work environment under Title VII. *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016). There are certainly no facts to suggest that Defendant had actual notice or should have known of the alleged racist comment and failed to take prompt remedial action. *Johnson v. Austral, U.S.A., L.L.C.*, 805 F. Supp. 2d 1299, 1317 (S.D. Ala. 2011).

The deficiencies in the Complaint are further demonstrated by the fact that the Complaint fails to state when the incident allegedly occurred leaving Defendant in the disadvantageous position of having to determine how to best to respond to, and adequately defend, the assertion, including whether to avail itself of the statute of limitations. In addition, aside from failing to identify the male surgeon in question, Plaintiff has not pled enough facts to support that Title VII liability exists as to Defendant under any theory of liability, including *respondeat superior*, premised upon the discriminatory and/or retaliatory conduct of the unidentified male surgeon.

Furthermore, the Complaint fails to assert a Title VII violation either in the form of a tangible employment action such as a demotion or denial of promotion or that Plaintiff was subjected to a hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her work. *Jones v. City of Lakeland*, 318 F. App'x 730, 735 (11th Cir. 2008); *Baldwin v. BlueCross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007). Essentially, the Complaint is devoid of any factual allegation suggesting that Plaintiff suffered any adverse employment action due to intentional race discrimination and/or retaliation *by Defendant*. *Surtain*, 789 F.3d at 1246.

The same is true of Plaintiff's assertion that she was treated differently from similarly situated employees[1]. (Compl. ¶ 12). There is not a single factual assertion providing a comparator analysis to support how comparator employees were outside Plaintiff's protected class, the identity of the employees Plaintiff claims were treated differently from her, or that race played a role in any disparate treatment. *Dorcile v. Sch. Dist.*, 2019 U.S. Dist. LEXIS 141088, at *9 (S.D. Fla. Aug. 19, 2019); *Wells v. Voestalpine Nortrak, Inc.*, 2015 U.S. Dist. LEXIS 16480, at * 8 (N.D. Ala. Feb. 11,

---

[1] Although Defendant does not concede that it received proper notice of the omitted page 6 of 9 of the Complaint (Ex. 1 to Morris Aff.), out of an abundance of caution, Defendant herein addresses the specifics of the conduct complained of and the basis of Plaintiff's discrimination claim contained in paragraphs 12 and 13 of the Complaint which was filed with the Court.

2015 (Reminding the plaintiff that conclusory allegations that an employer treated similarly situated employees of another race differently, without further factual development "epitomizes speculation" and therefore does not amount to a short and plain statement of a plaintiff's claim under Rule 8(a)(2)) (quotation omitted)). The assertion is conclusory and simply insufficient to state a claim for disparate treatment under Title VII.

Likewise, Plaintiff's assertion that she was discriminated against for her opposition to her employer's practice that she believes violated federal anti-discrimination laws or her participation in an EEOC investigation is conclusory and therefore, insufficient to state a claim. (Compl. ¶ 13). The Complaint does not identify what practice of Defendant that Plaintiff allegedly opposed, or the activity she allegedly participated in, nor does it contain any facts to conceivably suggest that Plaintiff engaged in any applicable protected activity. *James v. Fla. Dep't of Econ. Oppor.*, 2017 U.S. Dist. LEXIS 165802, at *3-4 (M.D. Fla. Oct. 6, 2017); *Dubovik-Sileo v. Holder*, 2013 U.S. Dist. LEXIS 20280, *7 (S.D. Fla., Feb. 13, 2013).

While courts generally hold *pro se* litigants to a less stringent standard than those drafted by an attorney, this leniency cannot serve as a substitute for establishing a cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th

Cir. 2015); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Thus, even if this Court were to liberally construe the Complaint as is, there are simply not enough factual allegations to plausibly suggest that Defendant, as opposed to an unidentified individual, intentionally discriminated and/or retaliated against Plaintiff because of her race. *Mitchell*, 2021 U.S. Dist. LEXIS, at *11. All the "assertions [in the Complaint] are too vague, general, and conclusory to support a plausible inference that [Plaintiff] suffered unlawful employment discrimination based on her race. *Id*. at 11-12. Therefore, the Complaint must be dismissed for failure to state a claim under Title VII.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court GRANT its Motion to Dismiss Plaintiff's Complaint against it.

**[SIGNATURE FOLLOWS ON NEXT PAGE]**

Respectfully submitted this 19th day of November, 2021[2].

                                      SCRUDDER, BASS, QUILLIAN,
                                      HORLOCK, LAZARUS & ADELE LLP

                                      */s/ Chiaka U. Adele*
                                      Chiaka U. Adele
                                      Georgia Bar No. 005111
                                      Andrew S. Bullock
                                      Georgia Bar No. 858696
                                      *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339
(770) 612-9200
(770) 612-9201 (facsimile)
cadele@scrudderbass.com
abullock@scrudderbass.com

---

[2] This is to certify that this document has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(B)

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served through CM/ECF and via certified mail the foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** upon all parties to this matter through their counsel as follows:

Keyma Towles (Plaintiff)
1201 Noble Creek Drive, N.W.
Atlanta, Georgia 30327

This 19th day of November, 2021.

                                                */s/ Chiaka U. Adele*
                                                Chiaka U. Adele